O
JS-6

# United States District Court
# Central District of California

| | |
|---|---|
| BERNARD CROWDEN, | Case No. 2:23-cv-10453-ODW (SKx) |
| Plaintiff, | |
| v. | **ORDER REMANDING CASE AND DENYING DEFENDANT'S MOTION TO DISMISS AS MOOT [10]** |
| GENERAL MOTORS LLC et al, | |
| Defendants. | |

## I. INTRODUCTION

Plaintiff Bernard Crowden initiated this lemon law action against Defendant General Motors, LLC ("GM") in the Superior Court of California, County of Los Angeles. (Notice of Removal ("NOR") Ex. A ("Compl.") ¶¶ 1, 2, ECF No. 1-1.) Crowden alleges violations of express and implied warranties under California's Song-Beverly Warranty Act. GM removed the action to this Court based on diversity jurisdiction. (*See* NOR ¶ 9.) Upon review of Crowden's Complaint and GM's Notice of Removal, the Court hereby **REMANDS** the action to Los Angeles County Superior Court for lack of subject matter jurisdiction and **DENIES AS MOOT** Defendant's Motion to Dismiss, (ECF No. 10.)[1]

---

[1] Having carefully considered the papers filed in connection with the Motion, the Court deemed the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15.

## II.   BACKGROUND

On or about March 25, 2021, Crowden purchased a new 2021 Chevrolet Bolt EV ("Bolt EV")—an electric vehicle capable of long-range mileage—from Community Chevrolet Company, an authorized third-party dealership. (Compl. ¶¶ 4, 6.)  Crowden alleges GM included express warranties stating that the Bolt EV would be free from defects during the eight-year, 100,000-mile warranty.  (*Id.* ¶¶ 7–10.) Crowden further alleges GM sold the Bolt EV with an implied warranty that the vehicle would have the same quality as similar vehicles sold by GM.  (*Id.* ¶ 8.)

On November 15, 2023, Crowden filed a lawsuit claiming GM violated express and implied warranties under California's Song-Beverly Warranty Act ("UCL"), by falsely and fraudulently advertising the Bolt EV as a safe and functional long range electric vehicle.  (NOR ¶ 2; Compl. ¶¶ 13, 28–31.)  According to Crowden, these violations arise from the Bolt EV's alleged battery defects which are prone to fire and incorrectly estimating mileage.  (*Id.*)  For example, due to Crowden's Bolt EV incorrectly estimating mileage, Crowden states his enjoyment of the vehicle is limited because it has been towed several times.  (*Id.* ¶¶ 32, 41–44.)  Crowden also claims he fears that the vehicle will ignite and cause bodily harm.  (*Id.* ¶¶ 31, 39, 41.)  Ultimately, Crowden states he would not have bought the Bolt EV if he had known of its alleged defect.  (*Id.* ¶ 45.)

Crowden now seeks to recover the following: general, special, and actual damages, recission of the purchase contract and restitution of all monies paid, compensatory damages for diminution in value, incidental and consequential damages, civil penalties, prejudgment interest, and attorneys' fees. (*Id.*, Prayer for Relief.)

## III.   LEGAL STANDARD

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress.  U.S. Const. art. III, § 2, cl. 1; *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  A suit filed in a state court may be removed to federal court if the federal court would have had

original jurisdiction over the suit. 28 U.S.C. § 1441(a). Federal courts have original jurisdiction where an action presents a federal question under 28 U.S.C. § 1331, or diversity of citizenship under 28 U.S.C. § 1332. Accordingly, a defendant may remove a case from state court to federal court pursuant to the federal removal statute, 28 U.S.C. § 1441, on the basis of federal question or diversity jurisdiction. Diversity jurisdiction requires complete diversity of citizenship among the adverse parties and an amount in controversy exceeding $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a).

Courts strictly construe the removal statute against removal jurisdiction, and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). The party seeking removal bears the burden of establishing federal jurisdiction. *Id.* The lack of subject matter jurisdiction may also be raised by the district court sua sponte. *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999). Indeed, "courts have an independent obligation to determine whether subject matter jurisdiction exists, even in the absence of a challenge from any party." *Id.*; *see* Fed. R. Civ. P. 12(h)(3) (requiring the court to dismiss the action if subject matter jurisdiction is lacking).

## IV. DISCUSSION

Before the Court turns to Defendant's motion to dismiss, it must first establish that it has subject matter jurisdiction over the case. The issue, therefore, is whether GM—the removing party—has met its burden to show that the amount of money Crowden places in controversy with his Song-Beverly Act claims exceeds $75,000.[2] GM contends that Crowden's potential damages exceed $75,000 because the Song-Beverly Act allows a plaintiff to recover the price paid for the vehicle in the form of restitution, plus up to twice the compensatory damages in civil penalties. (*See* NOR

---

[2] "Where . . . it is unclear from the face of the complaint whether the amount in controversy exceeds $75,000, 'the removing defendant bears the burden of establishing, by a preponderance of the evidence, that the amount in controversy exceeds the jurisdictional threshold.'" *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 416 (9th Cir. 2018) (quoting *Urbino v. Orkin Servs. of Cal., Inc.*, 726 F.3d 1118, 1121–22 (9th Cir. 2013)).

¶¶ 16–24.); *see also* Cal. Civ. Code §§ 1793.2(d)(2)(B), 1794(c); *Chabner v. United of Omaha Life Ins. Co.*, 225 F.3d 1042, 1046 (9th Cir. 2000) (finding treble damages, attorneys' fees, and punitive damages are properly considered in calculating the amount in controversy, if authorized by statute). GM further argues that plaintiffs in similar cases "regularly request" more than $50,000 in attorneys' fees, which are also authorized by the Song-Beverly Act. (NOR ¶¶ 19, 23); *see also* Cal. Civ. Code § 1794(d). For this reason, GM adds "fees and costs in the amount of $58,471.07, claiming hourly rates ranging from $350 to $500" to its calculation of the amount in controversy. (*See* Decl. Timothy M. Kuhn ISO NOR ("Kuhn Decl.") ¶ 10, ECF No. 1-3)

Upon review of GM's various pleadings, the Court finds GM does not meet its burden to show that the amount in controversy exceeds $75,000. Despite GM's calculations, the Court is unpersuaded that civil penalties and attorneys' fees render the amount in controversy to be greater than $75,000. (*See* NOR ¶¶ 18, 19). Accordingly, GM fails to demonstrate that this Court has subject matter jurisdiction over this action. The Court addresses each category of damages in turn.

A. **Compensatory Damages**

GM argues that Crowden's prayer for compensatory damages places $38,467 in controversy, based on the average purchase price of a new 2021 Chevrolet Bolt EV. (*See* NOR ¶ 17; *see also* Kuhn Decl. ¶ 9.) According to the Song-Beverly Act, a plaintiff may recover "an amount equal to the actual price paid or payable by the buyer," reduced by "that amount directly attributable to use by the buyer." Cal. Civ. Code § 1793.2(d)(2)(B)–(C).

Here, Crowden has not contested these figures, and GM's calculations appear proper under the Song-Beverly damages framework. The Court therefore assumes for the purpose of calculating the amount in controversy, without making any related legal or factual determinations, that the compensatory damages Crowden might recover in this case are **$38,467**.

### B. Civil Penalties

GM next argues that, because the Song-Beverly Act allows plaintiffs "to recover up to two times the amount of actual damages," and "[Crowden] demands a civil penalty of 'two times' his actual damages," the amount of civil penalties in controversy in this case exceeds the $75,000 jurisdictional threshold. (NOR ¶¶ 18.)

Under the Song-Beverly Act, "[i]f the [plaintiff] establishes the failure to comply was willful, the judgement may include, in addition to the amounts recovered under subdivision (a), a civil penalty which shall not exceed two times the amount of actual damages." *See* Cal. Civ. Code § 1794(c). Yet, "[t]he civil penalty under California Civil Code § 1794(c) cannot simply be assumed." *Castillo v. FCA USA, LLC*, No. 19-CV-151-CAB-MDD, 2019 WL 6607006, at *2 (S.D. Cal. Dec. 5, 2019) (remanding where the defendant provided no specific argument or evidence for including a civil penalty in the amount in controversy). Instead, district courts regularly find that a plaintiff's Song-Beverly boilerplate allegations regarding a defendant's willfulness are, without more, insufficient to place civil penalties in controversy. *Estrada v. FC US LLC*, No. 20-cv-10453-PA (JPRx), 2021 WL 223249, at *3 (C.D. Cal. Jan. 21, 2021) (collecting cases and remanding where defendant's inclusion of civil penalties to establish the amount in controversy was "too speculative and are not adequately supported by the facts and evidence"). This is because "[s]imply assuming a civil penalty award is inconsistent with the principle that the defendant must provide evidence that it is more likely than not that the amount in controversy requirement is satisfied." *Makol v. Jaguar Land Rover N. Am., LLC*, No. 18-cv-03414-NC, 2018 WL 3194424, at *3 (N.D. Cal. June 28, 2018) (internal quotation marks removed); *see Zawaideh v. BMW of N. Am., LLC*, No. 17-CV-2151 W (KSC), 2018 WL 1805103, at *2 (S.D. Cal. Apr. 17, 2018) ("[T]he defendant must make some effort to justify the assumption.").

Here, GM presents no argument or evidence supporting the potential application of civil penalties beyond pointing to Crowden's generalized, boilerplate allegations

regarding willfulness. (*See* NOR ¶ 18; Compl. ¶¶ 56–58, 66, 79.) This is insufficient. *See, e.g.*, *Khachatryan v. BMW of N. Am., LLC*, No. 21-cv-1290-PA (PDx), 2021 WL 927266, at *2 (C.D. Cal. Mar. 10, 2021) (finding "[the defendant] fails to identify which allegations in the Complaint would justify such an award; nor [did the defendant] submit evidence regarding the size of civil penalties awarded in analogous cases."). Moreover, it is GM—the removing party—who bears the burden of demonstrating that the claim for civil penalties is something more than illusory. *See Estrada*, 2021 WL 223249, at *3. As such, GM's sole reliance on the boilerplate allegations regarding willfulness in Crowden's Complaint, ignores the burden required of the removing party to establish federal jurisdiction. *Makol*, WL 3194424, at *3. Thus, the Court finds GM fails to meet the required burden to establish the applicability of civil penalties and declines to include civil penalties in the amount-in-controversy calculation.

**C.    Attorneys' Fees**

Lastly, GM argues that, because Crowden "seeks reimbursement claims of attorney fees under the Song-Beverley Act" and lemon law attorney fee claims "regularly approach or exceed $50,000," the amount in controversy in this case exceeds the $75,000 jurisdictional threshold. (*See* NOR ¶ 19; Kuhn Decl. ¶ 10.)

Under the Song-Beverly Act, plaintiffs may recover attorneys' fees that the court determines to "have been reasonably incurred by the buyer in connection with the commencement and prosecution of such action." Cal. Civ. Code § 1794(d). The Ninth Circuit holds that attorneys' fees awarded under fee-shifting statutes can be considered in assessing the jurisdictional threshold. *Gonzales v. CarMax Auto Superstores, LLC*, 840 F.3d 644, 649 (9th Cir. 2016). However, a removing defendant must "prove that the amount in controversy (including attorneys' fees) exceeds the jurisdictional threshold by a preponderance of the evidence," and must "make this showing with summary-judgment-type evidence." *Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 795 (9th Cir. 2018). As such, "[a] district court may reject the defendant's attempts to include future attorneys' fees in the amount in controversy if

the defendant fails to satisfy this burden of proof." (*Id.*) Although a defendant can "meet its burden [and] establish a reasonable estimate of attorneys' fees by identifying awards in other cases, those cases must be similar enough to the case at hand that the court can conclude that it is more likely than not that the plaintiff may incur a similar fee award." *Kaplan v. BMW of N. Am., LLC*, No. 21-cv-857 TWR (AGS), 2021 WL 4352340, at *6 (S.D. Cal. Sept. 24, 2021); *cf. D'Amico v. Ford Motor Co.*, No. 20-cv-2985-CJC (JCx), 2020 WL 2614610, at *4 (C.D. Cal. May 21, 2020) ("[M]any cases alleging violations of the [Song-Beverly] Act settle early.").

Here, GM fails in its burden with respect to attorneys' fees. Although GM cites to several cases where plaintiffs requested a high amount of attorneys' fees, and a single case where the trial court properly awarded $58,471.07 in attorneys' fees, (*see* Kuhn Decl. ¶ 10), GM does not sufficiently explain why the lodestar estimates are analogous to the present case. Simply put, GM fails to adequately explain how the present case is similar to any case where the court awarded a high attorney fee based on reasonable lodestar estimates. Despite "many cases alleging violations of the Act settl[ing] early," *D'Amico*, 2020 WL 2614610, at *4, GM provides no explanation for why this case is similar to ones that went to trial. Likewise, although GM provides the Court with an estimate of attorneys' hourly rates, (*see* Kuhn Decl. ¶ 10), GM again fails to provide the level of specified particularity describing why such rates are similar to other analogous cases in which attorneys' fees were awarded. *See also Vega v. FCA US, LLC*, No. 2:21-cv-5128-VAP (MRWx), 2021 WL 3771795, at *4 (C.D. Cal. Aug. 25, 2021). Thus, given that the removal statute is strictly construed, and all doubts are resolved in favor of remand, the Court finds that GM fails to submit adequate evidence substantiating its estimated $58,471.07 in attorneys' fees. Accordingly, the Court does not consider attorneys' fees in its amount in controversy calculation.

## V. CONCLUSION

For the reasons discussed above, GM fails to demonstrate that the amount in controversy exceeds $75,000, and the Court accordingly lacks diversity jurisdiction.

Accordingly, the Court **REMANDS** this case to the Superior Court of the State of California, County of Los Angeles, 300 E Olive Ave, Burbank, CA 91502, Case No. 23BBCV02702. Lacking jurisdiction over the case, the Court **DENIES AS MOOT** Defendant's Motion to Dismiss. (ECF No. 10.) All dates and deadlines are hereby **VACATED**. The Clerk of the Court shall close this case.

**IT IS SO ORDERED.**

April 29, 2024

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**